UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY
AND KYLE HIRSCHFELT,

    Plaintiffs,                                       Civil Action No. 2:21-CV-10699
                                                  HON. SEAN F. COX
                                                  UNITED STATES DISTRICT JUDGE

v.

HERBERT, et. al.;

    Defendants,
_____/

**OPINION AND ORDER DISMISSING COMPLAINT
AS DUPLICATIVE TO CASE # 2:21-CV-10469**

Bryan Cary and Kyle Hirschfelt, ("Plaintiffs"),[1] confined at the Macomb Correctional Facility in New Haven, Michigan, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Having reviewed plaintiffs' complaint, the Court dismisses it without prejudice for being duplicative of a previously filed civil rights complaint.

In their current complaint, plaintiffs claim that the defendants, Michigan Department of Corrections' employees, have failed to protect the two plaintiffs from being physically and sexually assaulted by other inmates.

Plaintiffs previously filed an identical lawsuit against these defendants and raised the same claims, which remains pending before this Court in a separate case. *See Hirschfelt, et. al. v. Herbert, et. al.,* U.S.D.C. No. 2:21-CV-10469 (E.D. Mich.).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F. 3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an

---

[1] Mr. Hirschfelt is listed as a plaintiff on the third page of the complaint. (ECF No. 1, PageID. 3).

identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* The Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001)(citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)).

Plaintiffs' current civil rights complaint will be dismissed because it is duplicative of their civil rights case which remains pending before this Court in Case # 2:21-CV-10469.

Because this case is summarily dismissed for being duplicative, the Court disregards Plaintiffs' defective application to proceed *in forma pauperis*. *See Gilmore v. Oakland Cty. Jail Med. Unit*, No. 2:11-14902, 2013 WL 1155535, at * 2 (E.D. Mich. Mar. 20, 2013)(*citing Armstrong v. Runnels*, No. 2007 WL 419465, * 1 (E.D. Cal. February 5, 2007). *See also English v. Runda*, 875 F.2d 863 (Table); No. 1989 WL 51408, * 1 (6th Cir. May 18, 1989)).

**IT IS HEREBY ORDERED** that plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE FOR BEING DUPLICATIVE OF THE COMPLAINT FILED IN CASE # 2:21-cv-10469.**

Dated:  April 7, 2021                                          s/Sean F. Cox  
                                                                              Sean F. Cox  
                                                                              U. S. District Judge